[Crim. No. 673.    Third Appellate District.—March 7, 1923.]

## THE PEOPLE, Respondent, v. ROBERT CRAWFORD, Appellant.

[1] CRIMINAL LAW—FORGERY—EVIDENCE—TESTIMONY OF ACCOMPLICE. In this prosecution for forgery, not only was there sufficient corroboration of the testimony of the alleged accomplice of defendant, but the evidence, independent of the testimony of such alleged accomplice, was sufficient to support the verdict of conviction.

[2] ID.—TESTIMONY OF ACCOMPLICE—INSTRUCTIONS.—The court properly refused to give one of defendant's proposed instructions in the language of section 1111 of the Penal Code as it read prior to the amendment thereof in 1911, it having instructed the jury in the language of that section as subsequently amended.

[3] ID. — ERRONEOUS INSTRUCTIONS — INSUFFICIENT SPECIFICATION. — The mere statement that "the refusal to give . . . [certain specified] instructions invaded the substantial rights of the defendant, deprived him of his liberty and for that reason a new trial should be granted," is not a sufficient specification of error.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. L. Ford and E. M. Frost for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of forgery, and prosecutes this appeal from the judgment and the order denying his motion for a new trial.

Frank Thomas testified that he and the defendant entered a poolroom, where the defendant procured a pen and ink from the proprietor; that they then retired to another part of the poolroom, where the defendant wrote and signed the check alleged to have been forged; that the defendant handed the check to the witness, who cashed it at another place of business; and that he gave a part of the money received on the check to defendant. The proprietor of the poolroom testified that he gave the defendant a pen and ink and that the defendant and Thomas then went to another part of the poolroom. Two other witnesses compared the signature attached to the check with the proven handwriting of defendant and testified that in their opinion the signature was in defendant's handwriting. The check and the exemplars of defendant's handwriting were before the jury for comparison. Other witnesses testified to the passing of the check by Thomas.

[1] It is contended that, since Thomas was an accomplice, there was not sufficient, or any, corroboration of his testimony to sustain a conviction. The foregoing statement of the evidence shows, not only that there was sufficient corroboration, but that, independent of the testimony of Thomas, the evidence was sufficient to support the verdict.

[2] The court refused to give one of defendant's proposed instructions in the language of section 1111 of the Penal Code as it read prior to the amendment thereof in 1911, but instructed the jury in the language of that section as it now reads. The instruction given was sufficient.

[3] The court refused to give five other instructions proposed by defendant. Appellant's only attempt to point out error in such refusal is the statement that "the refusal to give these instructions invaded the substantial rights of the defendant, deprived him of his liberty and for that reason a new trial should be granted." While such a blanket claim of error is wholly insufficient, an examination of the proposed instructions shows that any correct statements of law contained therein were substantially included in the instructions given by the court.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.